UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAY 20  A 11: 28

U.S. DISTRICT COURT
HARTFORD. CT.

MARTA M. PABON

V.

CASE NO. 3:00CV380(DJS)(TPS)

JOSEPH RECKO
STATE CREDIT ADJUSTMENT BUREAU, INC.
JOHN FERRANTI

May 19, 2004

### PLAINTIFF'S MEMORANDUM RE ATTORNEYS FEES

Plaintiff applies for an award of fees, based on the judgment for the maximum amount of statutory damages available in this case. The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(a)(3), provides that a defendant who fails to comply with any of its provisions "is liable" to the plaintiff for a "reasonable attorney's fee as determined by the court." Plaintiff applies for a fee award of $27,570.00 at $300 per hour for 91.9 hours. Plaintiff brought this action alleging violations of the FDCPA and obtained partial summary judgment against two defendants. The time requested does not include time devoted to the defendant Ferranti even though it would be proper to include it, as set forth below.

In awarding fees, the Court can consider the substantial effort of plaintiff's attorney caused by defendants' "counsel who fought the case bitterly to the very end and even now continue their recalcitrant posture." Birmingham v. Sogen-Swiss Intern. Corp. Retirement Plan, 718 F.2d 515, 523 (2d Cir. 1983).

Although private parties looking only to their own interests would not invest more in litigation than the stakes of the case, the combination of self-interest with the American Rule on the allocation of legal costs means that people can get away with small offenses. A two-day suspension may be unconstitutional, but a few hours of legal time costs more than the wages lost. Section 1988 helps to discourage petty tyranny. Awarding the full cost of litigation, which looks excessive in the single case, is sensible because it aids in the enforcement of rules of law. [citation omitted]. Put another way: Monetary awards understate the real stakes. Judicial decisions have effects on strangers. This litigation was prosecuted by a lawyer retained by a union of public employees and stoutly resisted by the county. If as the defendants say "only" $3,700 was at stake, why the tenacious resistance? Defendants do not contend that the exertion on plaintiff's side was unreasonable in relation to the defense; no more is necessary to show that the judge acted within his discretion in awarding fees exceeding the monetary recovery.

Barrow v. Falck, 977 F.2d 1100, 1103-04 (7th Cir. 1992).

"While [defendant] is entitled to contest vigorously [plaintiff's] claim, once it does so it cannot then complain that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended." Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985). To the same effect: Copeland v. Marshall, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc) (Title VII; contentious litigation strategy forced plaintiff to respond in kind); Loggins v. Delo, 999 F.2d 364, 368 (8th Cir. 1993) ($25,000.00 attorney's fee award for recovery of $102.50 in actual damages).

2

FDCPA Fee Standards

Where, as here, an attorneys fee provision is phrased in mandatory terms, "fees may be denied a successful plaintiff only in the most unusual of circumstances." De Jesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending). An award of fees is also mandatory in FDCPA cases. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir. 1997); Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995) (George C. Pratt, C.J.); Graziano v. Harrison, 950 F.2d 107, 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general"). Fees are mandatory even if there has been no award of actual or statutory damages. Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir. 1989); Pipiles v. Credit Bureau of Lockport, 886 F.2d 22, 28 (2d Cir. 1989).

> Civil suits will deter abusive practices only if it is economically feasible for consumers to bring them. Unless consumers can recover attorneys fees it may not be possible for them to pursue small claims .... [U]nscrupulous collection agencies have little to fear from such suits if consumers must pay thousands of dollars in attorney fees to protect hundreds. Congress recognized this problem and specifically provided for the award of attorney fees to successful plaintiffs.

Venes v. Professional Service Bureau, Inc., 353 N.W.2d 671 (Minn. App. 1984).

In Gradisher v. Check Enforcement Unit, 2003 U.S.Dist. LEXIS 753 (W.D. Mich. 2003), the court awarded attorney fees of $69,872.00 where the plaintiff

recovered FDCPA statutory damages of only $1,000.00. In <u>Armstrong v. Rose Law Firm, P.A.</u>, 2002 WL 31050583 (D. Minn. Sep 05, 2002) the court awarded the full lodestar fee request of over $43,000 at $250 per hour when the consumer received the maximum FDCPA statutory damages of $1,000. In <u>Sonmore v. Checkrite</u> , Civil No. CV-99-2039 DDA/FLN (D. Minn. Mar. 22, 2002) (copy attached) the court awarded $82,000.00 in attorney's fees and $16,326.97 in costs in an FDCPA case with $4,000.00 in statutory damages.

In <u>Perez v. Perkiss</u>, 742 F. Supp. 883 (D. Del. 1990), an FDCPA case, the court awarded over $10,000 in fees on a $1200 jury verdict, including 11 hours defending the fee petition. "[N]o matter how high the settlement offers urged by the *plaintiff* may have been, those offers were still for significantly less money than the total sum the plaintiff, as the prevailing party, is now entitled to recover." <u>Id.</u> at 890. <u>See also</u> <u>Norton v. Wilshire Credit Corp.</u>, 36 F. Supp. 2d 216 (D.N.J. 1999) (awarding over $57,000 in fees in an FDCPA case).

<u>The $300 Hourly Rate is Reasonable</u>

Counsel seeks fees at $300 per hour. Please see affidavit submitted herewith. That award is now well below current hourly market rates in Connecticut. Counsel's affidavit recites several cases, dating back to 1992, in which $250 has been awarded to others in this District. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the

4

congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." Zagorski, supra, citing Tolentino, 46 F.3d at 653.

In Freer v. State Credit Adj. Bureau, Inc., Civil No. 3:97CV 1239 (GLG) (Doc. No. 71) (D. Conn Aug. 4, 2000), the court awarded $10,000 in fees on a $500 jury verdict. This Defendant has not yet paid the judgment and has no intention of doing so. In Freer, fees were awarded on a quarter hour basis; $275 per hour was found reasonable; proportionality was rejected based on LeBlanc-Sternberg v. Fletcher, 143 F.3d 748 (2d Cir. 1998); the time was generally not bifurcated between successful and unsuccessful claims. Some legitimate hours that the court deemed excessive were reduced.

Lodestar Figure

Currently prevailing marketplace rates establish the lodestar amount. Missouri v. Jenkins by Agyei, 491 U.S. 274, 283 (1989); Blum v. Stenson, 465 U.S. 886, 895 (1983); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (rejecting 46 hours on pretrial memo and 42 hours on fee application); Cohen v. West Haven Bd. of Police Com'rs, 638 F.2d 496, 506 (2d Cir. 1980).

There is a strong presumption that the lodestar figure (reasonable hours times reasonable rate) represents a reasonable fee. Blanchard v. Bergeron, 103 L.Ed. 2d 67, 76 (1989), quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 656 (1986).

."The district court may not reduce the established market rate by some factor that it believes accounts for differences between large firms and small firms. Lawyers of common expertise and experience in the same market are entitled to the same rate." Bankston v. State of Illinois, 60 F.3d 1249, 1255-56 (7th Cir. 1995); Bailey v. District of Columbia, 839 F. Supp. 888, 891 (D.D.C. 1993) (no distinction between solo and large firm rate); Gary v. Kason Credit Corp., Civil No. 3:95CV 54 (TPS) (D. Conn. Oct. 21, 1998) (rejecting "overhead" argument).

While the Court has discretion to determine the proper fee amount, "[T]he latitude of its discretion is narrowed by a presumption that successful civil rights litigants should recover reasonable attorney's fees unless special circumstances render such an award unjust. . . . Furthermore, where, as here, the party achieves success on the merits, an award of all reasonable hours at a reasonable hourly rate, i.e., the lodestar figure, is presumptively appropriate." DiFilippo, 759 F.2d at 234.

"[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery), cited in Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992). See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court, 101 F.R.D. 553, 560-62 (1984).

Plaintiff submits that fee standards in civil rights cases are applicable here, because an important public policy was vindicated. *See* Delaware Valley, 478 U.S. at 559-60; Zagorski, supra; Tolentino, 46 F.3d at 652; Hollis v. Roberts, 984 F.2d 1159, 1161 (11th Cir. 1983) (FDCPA award $1,500; fees granted for 24.9 hours at $150/hr., prevailing rate in the community).

No Adjustment Should Be Made

The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. E.g., United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989); Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); Brinker v. Giuffrida, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant").

Plaintiff does not request an upward or downward adjustment. If a defendant requests such an adjustment, factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719, may be considered. Hensley, 461 U.S. at 434 n.9 ("[M]any of those factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate"); U.S. Football League, 887 F. 2d at 415.

1. The time and labor required (see affidavit). Plaintiff submits that the time expended in the prosecution of this action is modest, especially compared with

7

defense fees, due to counsel's experience in consumer protection litigation. In these cases, which are small monetarily but help others because defendant changes its forms and procedures, defendants should not be encouraged to expend resources beyond the value of the case in the hope of reducing plaintiff's fee award.

2. The novelty and difficulty of the question. Even if the case had been straightforward, the lodestar amount may not be reduced. DiFilippo, 759 F.2d at 235.

3. The skill requisite to perform the legal services properly: plaintiff's counsel knows of very few attorneys who purport to be able to litigate plaintiffs' Consumer Credit Protection Act cases.

4. The preclusion of other employment. The time spent on this case was not, and could not be, spent at the same time on other cases.

5. The customary fee is what the plaintiff's counsel requests.

6. Whether the fee is fixed or contingent. In a Consumer Credit Protection Act case, the fee is always contingent -- not on the amount of damages, but on award by the court or agreement of opponent. In a private attorney general case, Congress encourages counsel to bring suit, recognizing that counsel cannot charge the client an hourly fee, because the fee may be out of proportion to the recovery.

If contingent, the fee award should compensate counsel for the risk of receiving no compensation, Blum, 465 U.S. at 903, and to permit counsel "to earn an

income that would be competitive with colleagues who get paid win or lose."

Bayless v. Irv Leopold Imports, Inc., 659 F. Supp. 942 (D. Ore. 1987) (odometer

case).

7. Time limitations imposed by the client or the circumstances (none except

reasonableness).

8. The amount involved and the results obtained. "[C]ourts generally will not

look to the size of the damage award in determining a reasonable attorney's fee in

consumer cases." Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977). The

results in this case are $500 in statutory damages for the plaintiff. Because the statute

itself limits damages, the amount of damages awarded does not justify a reduction in

the lodestar amount. Cowan v. Prudential Ins. Co., 935 F.2d 522, 527 (2d Cir. 1991).

The Second Circuit rejects the "proportionality" argument as the basis for a

fee award. E.g., Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994);

DiFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985); McCann v. Coughlin, 698

F.2d 112, 129 (2d Cir. 1983). Indeed, fee awards in civil rights and consumer

protection matters regularly exceed the plaintiff's recovery. E.g., City of Riverside,

477 U.S. at 580 (awarding $245,450 fees on a $33,350 recovery, including 143 hours

for trial preparation); Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992) (fee award

of $500,000 on $60,000 settlement); United States Football League v. National

Football League, 887 F.2d 408, 413-15 (2d Cir. 1989) ($5.5 million fee award on

$3.00 recovery); <u>Chambless v. Masters, Mates & Pilots Pension Plan</u>, 885 F.2d 1053,

1057-60 (2d Cir. 1989) ($415,000 fee for recovering $2,689.02 monthly pension).

<u>Norton v. Wilshire Credit Corp.</u>, 36 F. Supp. 2d at 220 (rejecting proportionality in

awarding $58,000 in fees in an FDCPA case).

In a Consumer Credit Protection Act case such as this one, the award is often

limited by statute. "There is little reason to look to the limited award of statutory

damages to determine the reasonableness of attorneys' fees which are generated by

the unlimited costs of litigation." <u>Postow v. Oriental Bldg Ass'n</u>, 455 F. Supp. 781,

791 (D.D.C. 1978). See also <u>Bittner v. Tri-County Toyota</u>, 569 N.E.2d 464. 466

(Ohio S.Ct. 1991) (the remedial/consumer protection purpose of the statute is

undermined if relatively small dollar amount cases cannot fully compensate the

attorneys who take them on).

9.  The experience, reputation and ability of the attorney. Plaintiff's counsel

has a nationwide reputation in the consumer protection field.

10. The undesirability of the case (see affidavit as to risk of loss and dearth of

practitioners in the area).

11.  The nature and length of the professional relationship with the client

(representation limited to Consumer Credit Protection claims).

12.  Awards in similar cases. See discussion above and affidavit for the

current market rate.

The settlement with Ferranti does not affect this fee application. Plaintiff properly could have included time expended vis-à-vis her separate claims against co-defendant Ferranti. She did not. Bridges v. Eastman Kodak Co., 102 F.3d 56, 59 n.2 (2d Cir. 1996) (proper to award time spent related to nonappearing defendants); Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994) (all hours properly awarded even though plaintiff prevailed against only one defendant); Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1281 (7th Cir. 1983) (same); cf. Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1259-60 (2d Cir. 1987) (fully compensatory fee proper where factual basis and legal theories same throughout); United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989) (common core of facts and law); Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992) (same).

Mr. Ferranti was hired and controlled by these defendants. They could be required to pay the resultant fees as well. Koster v. Perales, 903 F.2d 131, 139-40 (2d Cir. 1990) (joint and several liability where the action of several defendants produces an indivisible injury; had the State acted properly, it might have "obviat[ed] the need for this litigation altogether"); Corder v. Gates, 947 F.2d 374, 382-83 (9th Cir. 1991) (proper to award fees against defendant who was integrally involved in the incident; all fees could be assessed against the responsible defendant without apportionment); Woods v. Graphic Communications, Inc., 925 F.2d 1195, 1206 (9th Cir. 1991)

11

(awarding fees against union for some of time before it became a party); <u>Riddell v. National Democratic Party</u>, 712 F.2d 165, 168-69 (5th Cir. 1983) (joint and several fee liability proper where defendant had substantial role in constitutional violation); <u>Consumers Union v. Virginia State Bar</u>, 688 F.2d 218, 222 (4th Cir. 1982) (abuse of discretion to not award fees against Bar, because it had a role in instigating the actions complained of); <u>Charles v. Coleman</u>, 689 F.2d 774, 777 (8th Cir. 1982) (fees awarded solely against defendant who made the decision which triggered the suit); <u>Univ. of Nevada v. Tarkanian</u>, 879 P.2d 1180, 1188-89 (Nev. 1994) (could award all fees against one of two defendants where that defendant helped cause a single indivisible injury).

<u>Unsuccessful claims</u>

The law is clear that a plaintiff can be compensated even for unsuccessful claims as long as they are based on the same facts or legal theories. The seminal case is <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). <u>Hensley</u> ruled that a fee request can be reduced where the plaintiff presented "distinctly different claims for relief that are based on different facts and legal theories." 461 U.S. at 434. That is not the case herein. Plaintiff's claims were based on defendants' course of action relating to collection of her husband's debt. Therefore, as in <u>Hensley</u>, 461 U.S. at 435:

> the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. . . .In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every

contention raised in the lawsuit. . . .Litigants in good faith may raise
alternative legal grounds for a desired outcome, and the court's rejection of or
failure to reach certain grounds is not a sufficient reason for reducing a fee.

Hensley, 461 U.S. at 440, ultimately held:

Where the plaintiff has failed to prevail on a claim that is distinct in all
respects from his successful claims, the hours spent on the unsuccessful claims
should be excluded in considering the amount of a reasonable fee.  Where a
lawsuit consists of related claims, a plaintiff who has won substantial relief
should not have his attorney's fee award  reduced simply because the district
court did not adopt each contention raised.

See also LeBlanc-Sternberg v. Fletcher, 143 F.3d 748 (2d Cir. 1998) (claims

intertwined); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1259-60 (2d Cir.

1987) (fully compensatory fee proper where factual basis and legal theories same

throughout); United States Football League v. National Football League, 887 F.2d

408, 415 (2d Cir. 1989) (common core of facts and law). The distinction made in

Mary Beth G. v. Chicago, 723 F.2d 1263, 1279 (7th Cir. 1983), seems apt: "[A]n

unsuccessful claim will be *un*related to a successful claim when the relief sought on

the unsuccessful claim is intended to remedy a course of conduct entirely distinct and

separate from the course of conduct that gave rise to the injury on which the relief

granted is premised." Plaintiff submits that, since all claims were based on the same

underlying collection effort,  no reduction should be made for "unsuccessful" claims.[1]

---

[1] Arguably, a reduction in plaintiff's fees, which correspondingly benefits defendant, would amount to Rule 11
sanctions,  by the back door.

The Second Circuit agrees. In Grant v. Martinez, 973 F.2d 96 (2d Cir. 1992), the plaintiffs settled for $60,000 and did not get all the relief they requested. The lodestar figure of $500,000 for the attorneys was upheld. The decision noted that burden of proof is on the party seeking any downward adjustment; and, a court can reject hours expended in unsuccessful claims only if those claims were wholly unrelated to successful claims. See also McCann v. Coughlin, 698 F.2d 112, 129-30 (2d Cir. 1983); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1259-60 (2d Cir. 1987); Dague v. City of Burlington, 935 F.2d 1343, 1358-59 (2d Cir. 1991), *reversed on other grounds*, 505 U.S. 557, 112 S. Ct. 2638 (1992) (district court did not abuse its discretion in awarding full fee requested on all aspects of the case, although plaintiffs were unsuccessful on preliminary injunction and interlocutory appeal, some arguments failed, and some were not fee-generating).

Purpose of fee award.

Attorneys fees are central to the enforcement of the Consumer Credit Protection Act (of which the FDCPA is a part) by private attorneys general. "The value of an attorney's services is not only measured by the amount of the recovery to the plaintiff, but also the non-monetary benefit accruing to others, in this case the public at large from this successful vindication of a national policy to protect consumers from fraud in the used car business." Fleet Inv. Co. v. Rogers, 620 F.2d 792, 794 (10th Cir. 1980) (odometer law case).

14

Such fees are particularly important in consumer cases, under the principles

discussed by the Supreme Court in <u>Rivera</u>, supra, a civil rights case.   Consumer

Credit Protection Act cases also support this proposition.  See, e.g., <u>Ratner v.</u>

<u>Chemical Bank</u>, 54 F.R.D. 412 (S.D.N.Y. 1972) ($20,000 fees, $100 damages).

"[C]ourts generally will not look to the size of the damage award in determining a

reasonable attorney's fee in consumer cases." <u>Smith v. Chapman</u>, 436 F. Supp. 58,

66 (W.D. Tex. 1977).

A defendant should not be encouraged to litigate in the expectation that the

Court will reduce the plaintiff's fee request, even though the defendant's fees to its

own attorney are not similarly scrutinized and reduced by the Court.  Cf. <u>Eddy v.</u>

<u>Colonial Life Ins. Co.</u>, 59 F.3d 201, 207-08 (D.C. Cir. 1995) (a fee award deters

noncompliance with the law and encourages settlement); <u>Benavides v. Benavides</u>, 11

Conn. App. 150 (1987) (same).

An inadequate award diminishes the inducement created by fee-shifting

statutes, and undermines the goal of promoting private representation in FDCPA

actions. In language which could appropriately be applied to FDCPA actions, the

Second Circuit noted:

> A plaintiff who is successful in establishing certain practices as violative of
> his constitutional rights will deter officials from continuing this conduct, and
> thereby help assure that others are not subjected to similar constitutional
> deprivations. This deterrent effect of successful §1983 actions is wholly
> independent of the relief which the plaintiff seeks or is ultimately awarded,

and therefore it is inappropriate to condition attorney's fee awards on the nature of the relief granted.

McCann v. Coughlin, 698 F.2d 112, 129 (2d Cir. 1983).

An award should be made at a rate which recognizes the vindication of public policy expressed in the FDCPA. "The award of attorney's fees, as a practical matter, is a critical and integral part of [the creation of a system of private attorneys general]." James v. Home Constr. Co., 689 F.2d 1357, 1359 (11th Cir. 1982). Settlement efforts.

It is unquestionably in the best interests of the Court and the parties to settle rather than litigate. See Janneh v. GAF Corp., 887 F.2d 432 (2d Cir. 1989). "In a very real sense, all of the parties -- and the court as an institution -- win when litigation is settled amicably short of trial." Mathewson Corp. v. Allied Marine Ind., Inc., 827 F.2d 850, 857 (1st Cir. 1987).

Defendants scorned plaintiff's persistent efforts at settlement of this matter in a disproportionate effort to avert exposure to limited-to-$1,000 statutory damages. This Court can bolster such settlement efforts for the future by awarding the full amount requested.

## CONCLUSION

Defendants are violators of federal law (as found in this case, and because they have repeatedly refused to pay the Freer judgment). Plaintiff is the "chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." This litigation accomplished the purposes of the FDCPA. Attorney's fees encourage defendants to comply with the FDCPA, as well as providing the consumer an incentive and the financial ability to bring FDCPA suits. Postow, 455 F. Supp. at 785, 786. Fees should be awarded as requested.

Plaintiff submits that the fee application is reasonable in time expended and amount requested. She respectfully submits that it should be awarded as requested.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

17

This is to certify that the foregoing was mailed on May 19, 2004, postage prepaid, to:


Laurence Nadel
261 Bradley Street
New Haven CT 06511

__/s/ Joanne S. Faulkner___
Joanne S. Faulkner

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

1
2

3   Eric L. Sonmore and Jennifer M. Rodine,                    Civil No. 99-2039 DDA/FLN
    individually and on behalf of all others
4   similarly situated,

5                    Plaintiffs,

6   v.                                                         **ORDER ON PLAINTIFFS'**
                                                               **MOTION FOR ATTORNEYS' FEES**
7   CheckRite Recovery Services, Inc., a
    Georgia corporation, d/b/a/ CheckRite,
8   Jon R. Hawks, Ltd. a Minnesota corporation,
    and Jon R. Hawks, an individual,
9
                     Defendants.
10

11

12          Before the Court is the motion of the Plaintiffs Eric L. Sonmore (Sonmore) and Jennifer M.

13   Rodine (Rodine) for an award of attorneys' fees. The action was commenced on December 22, 1999,

14   by Plaintiff Sonmore against CheckRite Recovery Services, Inc. (CheckRite) and Jon R. Hawks, Ltd.,

15   a Minnesota corporation, and Jon R. Hawks, an individual (collectively Hawks). Counts III and IV of

16   the Complaint charged Hawks with violations of the Fair Debt Collection Act (FDCA). On October 25,

17   2000, the Court granted summary judgment in favor of Defendant Hawks on Count IV of the Complaint

18   and denied the summary judgment motion of Defendant Hawks on Count III of the Complaint. A Second

19   Amended Class Action Complaint was filed on January 8, 2001. The Amended Complaint added Rodine

20   as a named Plaintiff. It restated the original Count III as new Count IV in the Amended Complaint and

21   added a further claim against Hawks in a new count alleging a separate violation of the FDCA (Count

22   V). Both Plaintiffs entered into a settlement in principle with the Defendant CheckRite. The claims

23   against Defendant Hawks came before the Court on cross motions for summary judgment and Plaintiff's

24   motion for certification of a class. On August 6, 2001, the Court denied the motion for summary

25   judgment of Defendant Hawks and granted Plaintiffs' motion for summary judgment in favor of Sonmore

26   and Rodine on the issue of liability in Counts IV and V. On that same date, the Court denied the motion

27   of the Plaintiffs for certification of a class. On October 9, 2001, the parties filed a Stipulation for Entry

28

FILED                  **MAR 2 2 2002**
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

04/11/02   13:50  FAX 612 342 2399          1012 LAW FIRMS                                    ☒003
03/22/02 11:26  To:Michael G Phillips        From:U S District Court        612-664-2121      Page 3/7

of Judgment in favor of each Plaintiff in the amount of $2,000.00 and judgment in accordance with the stipulation was entered on October 24, 2001.

The FDCA provides for an award of reasonable attorneys' fees to a prevailing consumer. Specifically, it provides for liability of a debt collector in an amount to include:

> In the case of any successful action . . . the cost of the action, together with a reasonable attorneys' fees determined by the Court.

15 U.S.C. § 1692K(a)(3).

The parties do not dispute that Plaintiffs are each a "prevailing consumer." The dispute, simply put, is over the amount, i.e. what is a reasonable fee under the circumstances of this action.

Plaintiffs seek $133,270.50 in fees and $15,292.90 in expenses for the firm of Beeler, Schad & Diamond, P.C. and $40,940.00 in fees and $1,034.07 in expenses for attorney Michael Phillips or a total of $174,210.50 in fees and $16,326.97 in expenses. Plaintiffs suggest that these figures do not include briefing the class certification issue. Defendant Hawks requests the Court to limit the attorneys' fees to no more than the amount awarded to the Plaintiffs, i.e. $4,000.00. Plaintiffs argue that the sizeable amount of their fee request is the direct result of the conduct of Defendant Hawks in making the case "as difficult as possible" for Plaintiffs to litigate and refusing "to agree to almost anything." Defendant Hawks counters that the amount of fees sought are shockingly disproportionate to the amount of recovery either available or ultimately obtained given the nature of the claims. The Court finds itself in agreement with the assertions of both the Plaintiffs and Defendant Hawks.

The standards and criteria to be applied in judging a fee petition under fee shifting statutes are familiar to the Court and to counsel, but they are easier in their recitation than in their application. The Court must start by arriving at the familiar "lodestar" by evaluating the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) The process of arriving at a reasonableness includes "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997). In assessing reasonableness, a district judge is instructed

-2-

04/11/02    13:51   FAX 612 342 2399              1012 LAW FIRMS                                          ☑004
03/22/02 11:26  To:Michael G Phillips           From:U S District Court       612-664-2121        Page 1/7

to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

The Court has carefully reviewed the submission of Plaintiffs' counsel, including the entries of time and type of service rendered. Based upon that review, its extended knowledge of the case, and having heard and determined all dispositive motions in the action, the Court makes the following findings and conclusions:

A.    **Hourly Rates**

Plaintiffs' counsel seeks an hourly rate for attorneys in the Beeler firm of $360.00 per hour for attorney James Shedden and $215.00 per hour for attorney Michael Hilicki. They seek an hourly rate of $200.00 for services performed by attorney Michael Phillips. In support of these requests are recitations of Shedden's and Hilicki's experience in FDCA litigation together with affidavits of Twin City practitioners in this area of law who attest to the reasonableness of these rates. Defendant Hawks contests the rates sought as being unreasonable but submits no contravening affidavits. The Court found Plaintiffs' counsel to be able practitioners, and particularly in the case of attorney Hilicki, found him to be knowledgeable regarding the FDCA. The Court considers the hourly rates claimed to be generous, but does not find them unreasonable and they will be accepted for purposes of arriving at the "lodestar."

B.    **Hours Reasonably Expended**

The first and most obvious inquiry into the reasonableness of counsel's claim is the necessity of engaging the services of three attorneys in the handling of the case. In particular, attorney Shedden claims 20 hours "conferring" with co-counsel. Much of the claim includes duplicated services occasioned by the utilization of two, or in some instances, three attorneys engaged in the same undertakings. On numerous occasions, two counsel made court appearances for oral argument on motions when one would have clearly sufficed. The Court is of the opinion that the case was one that simply did not require the services of two counsel experienced in FDCA law during every phase of its preparation and two counsel at all court appearances.[1] As a consequence, the requested fee must be significantly reduced.

_____

[1]Compilations of these duplications are documented in Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees and will not be repeated here.

-3-

04/11/02   13:51  FAX 612 342 2399              1012 LAW FIRMS                              ☒005
03/22/02 11:26  To:Michael G Phillips        From:U S District Court      612-664-2121      Page 5/7

1    In addition, the Court considers the totality of the charges for various categories of services in
2    excess of what would be reasonable and necessary for these tasks by counsel experienced in the field.
3    The submissions in support of the fee request recite that all fees attributable to the efforts to obtain
4    class certification have been redacted. No such disclaimer is made for fees attributable to the claims
5    against the co-defendant CheckRite. Certainly a portion of the fees itemized were related to the services
6    rendered with reference to the original co-defendant CheckRite and in bringing those claims to a
7    negotiated settlement. A reduction for that phase of the case is likewise appropriate.

8    C.    Prevailing Party and Overall Success

9    It is undisputed that Plaintiffs are prevailing consumers and as such entitled to a fee award.
10   However, the inquiry does not end there. Where a plaintiff achieves only limited or partial success, the
11   Court may consider "whether the expenditure of counsel's time was reasonable in relation to the success
12   achieved." *Wal-Mart Store, Inc. v. Barton*, 223 F.3d 770, 772 (8th Cir. 2000). The Court must also
13   determine if there were claims upon which the Plaintiffs were unsuccessful.

14   Counsel for Plaintiffs have eliminated fees directly attributable to the motion for class
15   certification and then claimed total success on the substantive claims. In the Court's view, that does not
16   adequately describe the totality of the case. This action from the outset was directed toward the
17   certification of a class of some 20,000 members and the attendant fees that would accompany such a
18   result. Astute counsel would never undertake the time, money, and energy devoted to this case if the
19   ultimate and, indeed maximum goal, were the recovery of $4,000.00. The ultimate goal for which the
20   majority of delineated services were directed was clearly class certification and the efforts to achieve it
21   were unsuccessful. In the Court's view, the fee application does not properly and accurately reflect "the
22   relationship between the amount of the fee [requested] and the results obtained." *Hensley*, 461 U.S. at
23   437.

24   D.    Proportionality

25   Counsel for Plaintiffs insist that the "reasonableness of Plaintiffs' fees cannot be determined based
26   on so-called 'proportionality' to Plaintiffs' damage recovery" and cites cases in support of their position
27   in that regard. The Court cannot agree. Even when taking the "scorched earth" defense tactics of

28

-4-

1  Defendant Hawks into account, the Court is of the view that a fee request for $174,000.00 in a case

2  resulting from a $2.00 bad check with a maximum possible recovery and an ultimate recovery of

3  $4,000.00 is so grossly disproportionate as to call out for reduction.  Certainly were it not for a fee

4  shifting statute, no reasonable client and surely no reasonable lawyer would undertake to seek recovery

5  of $4,000.00 at a fee for services rate of $360.00 per hour or even the lesser figure of $215.00 per hour.

6  The expenditure of services resulting in the fees here sought would be unthinkable for a case of this

7  magnitude were it not for the fee shifting option. A substantial reduction of the fees requested is required

8  in the Court's view in light of the nominal recovery available and obtained for the Plaintiffs of the case.

9  To hold otherwise would be sheer folly.

10  **E.     Conclusion**

11         The Court recognizes that there is no precise rule or formula for making fee determinations. They

12  are made in accordance with oft repeated standards, but in the final analysis must depend upon the

13  decision-maker's knowledge of the case, appreciation of its complexity, need for the services sought,

14  observance and knowledge of the abilities of counsel, the results obtained, and personal background and

15  experience. For the reasons set forth above, the Court is satisfied that a substantial reduction in the fee

16  petition as presented is required in this instance, and such a reduction will be made.  In doing so, the

17  Court in no way intends to condone the manner of litigation engaged in by Defendant Hawks.  Without

18  question, his refusal to accede to even the most simple request was a factor in increasing the time required

19  to bring the case to a successful conclusion.  Even Hawks' obstreperous tactics, however, cannot

20  overcome the Court's conclusion that overall the fee request as submitted is substantially in excess of

21  "reasonable."

22         In the Court's opinion, taking into account the experience and abilities of counsel, the nature of

23  the case, the appropriate hourly rates, the time and effort reasonably necessary to pursue the claims, the

24  result available and obtained, the purpose underlying the award of attorneys' fees and for the reasons set

25  forth above, the Court finds a reasonable fee for counsel in this case to be as follows:

26              Beeler, Schad & Diamond, P.C.                    $60,000.00

27              Michael Phillips                                         22,000.00

28         **TOTAL ATTORNEYS' FEES**                    **$82,000.00**

-5-