UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTA M. PABON

V.	CASE NO. 3:00CV380 (DJS) (TPS)

JOSEPH RECKO
STATE CREDIT ADJUSTMENT BUREAU, INC.	May 19, 2004

FEE AFFIDAVIT

Joanne S. Faulkner states:

1. I am an attorney licensed to practice before the United States Supreme Court, the Second, Fifth, Sixth and Seventh Circuit Courts of Appeals, the United States District Courts for the District of Connecticut and the Southern and Eastern Districts of New York, and all Connecticut courts.

2. I represent the plaintiff and submit this affidavit in support of a request for attorneys fees. Blum v. Stenson, 465 U.S. 886 n.5 (1984).

3. I was admitted to practice in New York in 1963, and in Connecticut in 1967. From 1967 to 1985, I was a staff attorney with New Haven Legal Assistance Association, Inc., a nonprofit corporation. I am in private practice, restricted to consumer-related matters, preferably for persons who cannot afford to pay a lawyer.

4. I have been involved in groundbreaking nationally reported cases, including Heintz v. Jenkins, 514 U.S. 291 (1995); Connecticut v. Doehr, 501 U.S. 1 (1991); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002); Romea v. Heiberger & Assoc., 163 F.3d 111 (2d Cir. 1998); Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111

F.3d 1322 (7th Cir. 1997); <u>Charles v. Lundgren & Associates, P.C.</u>, 119 F.3d 739 (9th Cir. 1997); <u>Newman v. Boehm, Pearlstein & Bright, Limited</u>, 119 F.3d 477 (7th Cir. 1997); <u>Poirier v. Alco Collections, Inc.</u>, 107 F.3d 347 (5th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222 (7th Cir. 1996); <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1321 (2d Cir. 1993).

5. I have had extensive experience for more than thirty five years in consumer matters, including litigation, conducting seminars and writing articles. Even before <u>Heintz v. Jenkins</u>, 514 U.S. 291 (1995), I had national renown for my expertise in consumer cases. I am frequently consulted by consumer practitioners from all over the country. In October, 2002, I received the prestigious Vern Countryman Award from the National Consumer Law Center "for excellence and dedication in the practice of consumer law on behalf of low-income consumers."

6. I am a past chair of the Consumer Law Section of the Connecticut Bar Association and was the editor of its newsletter for over ten years until 1998. I was a member of the Federal Reserve Board's Consumer Advisory Council. I was on the Board of Directors of the National Consumer Law Center and am presently a trustee thereof. I am a founding member of the National Association of Consumer Advocates, Inc.

7. I have lectured for the Connecticut Bar Association, the National Consumer Law Center, the National Association of Consumer Advocates, the New Haven County Bar Association, and other entities on consumer laws, and have published articles in those fields. I am a contributing editor of the National Consumer Law Center's Truth in Lending Manual, Automobile Fraud Manual, Credit Discrimination Manual, Fair Credit Reporting Act Manual, Fair Debt Collection Manual, and supplements. I served the Connecticut

2

Law Revision Commission as a member of the Advisory Committee on UCC Article 2A, and on a Consumer Leasing Committee.

8. My work in connection with this case is shown on the schedule attached hereto. I prepared time records contemporaneously with performance of the work. The time records do not duplicate work performed in any other file; they do not include non-legal tasks such as filing or copying, minor calls such as regarding extensions of time, calls from or to client to report on progress.

9. Less than a handful of Connecticut attorneys are willing to accept consumer cases because of the special expertise required and the risk of nonpayment.

10. I am requesting attorney's fees at the rate of $300 per hour. I believe that the award requested is reasonable, and is LESS THAN rates being charged by similarly experienced private counsel in the federal court. In Nelson, *supra*, the client paid for my services at $500 per hour. Harvey v. USCB, Inc., Civil No. 3:02CV1770 (DJS) (D. Conn. Jan. 31, 2003) ($300 per hour); Wrightington v. Nationwide Capital Recovery, Civil No. 3:02CV 1175 (JBA) (JGM) (D. Conn. Jan 6, 2003) ($300 per hour); Rivers-Barnes v. J&K Financial Services, Inc., Civil No. 3:01CV1939 (CFD) (D. Conn. June 28, 2002) ($300 per hour); Orchano v. Advanced Recovery, Inc. (1998) ($275 per hour);. Evanauskas v. Strumpf, Civil No. 3:00CV1106 (JCH) (D. Conn. June 27, 2001) ($275 per hour); Freer v. State Credit Adj. Bureau, Civil No. 3:97CV1239 (GLG) (D. Conn. Aug. 4, 2000) ($275 per hour); Rountree v. APL Auto Consultants, Civil No. 3:99CV 89 (DJS) (May 1, 2000) ($275 per hour); Nickerson v. J&P Credit Services, Civil No. 3:99CV1876 (DJS) (TPS) (D. Conn. Mar. 29, 2000) ($275 per hour granted as requested with finding that $275 "is

substantially less than that normally commanded by Ms. Faulkner"); <u>Alter v. Regional Adj. Bureau, Inc.</u>, Civil No. 3:94CV125 (AWT) (D. Conn. Feb. 29, 2000) ($275 per hour); <u>Lorusso v. Capital Recovery Assoc.</u>, Civil No. 3:98CV1357 (GLG) (Oct. 8, 1999) ($275 per hour). In <u>Alter v. Regional Adj. Bureau, Inc.</u>, Civil No. 3:94CV125 (AWT), defendants did not oppose my fee request of $275/hr; in <u>Navarro v. Orlor</u>, Civil No. 3:97CV1882 (SRU), the defendant conceded that $275 was a reasonable rate for me. In 1995 I was awarded fees at $275 per hour in <u>Avila v. Rubin</u>, Civ. No. 94 C 3234 (E.D. Ill. Nov. 14, 1995).

11. Hourly billing rates of Connecticut private counsel with which I am familiar are:

First quarter of 199<u>5</u>:

| | | | |
|---|---|---|---|
| Robert Allen | law degree 1973 | litigation, consumer | 220 |
| John Droney | law degree 1973 | litigation | over 300 |

Third Quarter of 199<u>7</u>:

| | | | |
|---|---|---|---|
| Richard Beider | law degree 1965 | litigation | 350 |

Third quarter of 199<u>8</u>:

| | | | |
|---|---|---|---|
| David Faulkner | law degree 1964 | trusts & estates | 285 |

Third quarter of 2000

| | | | |
|---|---|---|---|
| Michael Kennedy | law degree 1998 | consumer | 200 |

12. Jonathan Einhorn, a lawyer admitted in 1974, was awarded $250 per hour in <u>Gyadu v. Giordano</u>, Civil No. 3:94CV1144 (JBA), 3 Conn. Ops. 410 (D. Conn. March 14, 1997).

13. The Second Circuit commented favorably on my experience, reputation and ability, noting the "eight federal district court cases in Connecticut in 1993 and 1994 alone" in which Mrs. Faulkner had been awarded fees at $200 per hour. <u>Orchano v. Advanced Recovery, Inc.</u>, 107 F.3d 94, 100 (2d Cir. 1997).

15. Typical market rates in Connecticut are shown by awards to other counsel in <u>Lieberman v. Dudley</u>, Civil No. 3:95CV2437 (AHN) (D. Conn. July 27, 1998) ($250/hr); <u>Wallace v. Fox</u>, Civil No. 3:96CV772 (D. Conn. May 11, 1998) (awarding blended rate of $345.57 per hour inclusive of a 1.5 multiplier to several counsel and paralegals in shareholder derivative action); <u>Skubel v. Sullivan</u>, 1998 WL 136176 at *3 (D. Conn. Mar. 11, 1998) ($250/hr); <u>Calovine v. City of Bridgeport</u>, Civil No. 3:94CV 379 (WWE) (D. Conn. Feb. 4, 1998) ($250/hr for a "relatively low number of hours billed:" 179.7 hours); <u>CG v. New Haven Bd. of Education</u>, 988 F. Supp. 60, 69 (D. Conn. 1997) ($250/hr); <u>Mrs. B. v. Milford Bd. of Educ.</u>, Civil No. 3:93CV1723 (DJS) (TPS) (D. Conn. Nov. 4, 1997) ($250/hr consistent with prevailing rate in Connecticut); <u>Evans v. State of Connecticut</u>, 967 F. Supp. 673, 691 (D. Conn. 1997) (prevailing 1996 rate is $200 to $225; award at $200/hr despite some criticism of attorney's performance); <u>Russo v. Coppola</u>, Civil No. 3:93CV1734 (AHN) (D. Conn. Feb. 6, 1995) ($250/hr); <u>Kintz v. City of New Haven</u>, 1993 WL 276945 at *3 (D. Conn. June 18, 1993) ($250/hr), aff'd 29 F.3d 622 (2d Cir. 1994); <u>Friends of Animals, Inc. v. Hirsch</u>, Civil No. 3:90CV621 (WWE) (D. Conn. Jan. 20, 1993) ($250/hr); <u>Gonzalez v. Town of Stratford</u>, 830 F. Supp. 111, 113 (D. Conn. 1992) ($250/hr).

The foregoing is true and correct and is signed under the penalties of perjury on May 19, 2004

    __/s/ Joanne S. Faulkner___
     JOANNE S. FAULKNER

This is to certify that the foregoing was mailed on May 19, 2004, postage prepaid, to:

Laurence Nadel
261 Bradley Street
New Haven CT 06511


__/s/ Joanne S. Faulkner___
Joanne S. Faulkner

**Pabon v. Recko et al. 3:00CV 380 (DJS) (TPS)**

| Date | Description | Hours | Amount |
|---|---|---|---|
| 2/28/00 | (misc dates) Analyze ltr & Client docs, discuss w/client | 1.25 | $375.00 |
| 2/29/00 | Draft complaint, summons, cover sheet | 1.00 | $300.00 |
| 4/4/00 | First discovery request | 0.75 | $225.00 |
| 5/2/00 | M/Reimburse cost of service | * | $0.00 |
| 5/15/00 | Reply supporting M/Reimburse (Doc. No. 18) | 0.25 | $75.00 |
| 5/19/01 | Revise proposed 26f report; calls relating thereto | 0.75 | $225.00 |
| 5/25/00 | Research, draft Opp SCAB M.Dismiss (Doc. No. 21) | 2.50 | $750.00 |
| 6/15/00 | Ltr to defs re settlement; call from client re bond | 0.25 | $75.00 |
| 6/19/00 | Opp. M/Dismiss Count II (Doc. No. 29) | 0.75 | $225.00 |
| 6/29/00 | M/Compel discovery (Doc. No. 30) | 0.50 | $150.00 |
| 7/6/00 | Opp. Def. M/Sanctions (Doc. No. 34) | 0.75 | $225.00 |
| 7/24/00 | Reply Spt M/Compel (Doc. No. 37) | 1.00 | $300.00 |
|  | Check Pacer dkt, Ltr re depo | 0.25 | $75.00 |
| 8/1/00 | Depo notices | 0.50 | $150.00 |
| 8/25/00 | Review file for depo; prep depo with client | 1.50 | $450.00 |
| 8/29/01 | Depo of client + travel | 1.50 | $450.00 |
| 8/30/01 | ReNotice of defs' depo | 0.50 | $150.00 |
| 9/6/00 | Prepare for depo & depo Dr. Vecchitto | 2.25 | $675.00 |
| 9/11/00 | Check Meriden dkt for client's case | 0.75 | $225.00 |
| 9/14/00 | Prepare for Ferranti depo, review discovery respnses | * | $0.00 |
| 9/15/00 | Continue prep & depo | * | $0.00 |
| 9/18/00 | Review Pabon depo w/client | 0.50 | $150.00 |
| 9/25/00 | Ltr to defs re depos, new notices | 0.50 | $150.00 |
| 10/1/00 | Call client, review file, prep depo, ltrs, calls LN re depo | 2.50 | $750.00 |
| 10/6/00 | resked depo; ltr re discovery disputes | 0.50 | $150.00 |
| 10/10/00 | Call client, review file, prep depo, ltrs, calls LN re depo | 2.50 | $750.00 |
| 10/11/00 | Recko depo & prep | 3.75 | $1,125.00 |
| 10/16/00 | REview Ferranti depo, ltr to rCallahan | * | $0.00 |
| 10/25/00 | Memo & motion re Security for Costs (Doc. 49, 50) | 1.00 | $300.00 |
| 11/21/00 | Respond to Defs discovery | 1.50 | $450.00 |
| 11/24/00 | Review def's discovery, depos, Request for Admissions | 4.00 | $1,200.00 |
| 11/27/00 | Opp. Recnsid (Doc. No.62); Amend PL's disc response | 1.25 | $375.00 |
| 12/6/00 | Rply Spt M/Quash (Doc. No. 65) | 0.50 | $150.00 |
| 1/5/01 | Settlement Conf, travel & Prep (both defs) | 5.25 | $1,575.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/15/01 | internet research power of atty, unauth practice of law | 3.50 | $1,050.00 |
| 1/16/01 | Library research (same) check cases, update research | 3.25 | $975.00 |
| 1/17/01 | Library research - FDCPA preempt incl of state venue | 2.75 | $825.00 |
| 1/18/01 | Draft 3 affs. for SumJdg | 1.25 | $375.00 |
| | Draft venue part of brief, e-mail to LNadel | 1.50 | $450.00 |
| | Beg. draft re necessaries stat | 1.75 | $525.00 |
| 2/2/01 | continue draft on necessaries, 2 other violations | 2.25 | $675.00 |
| | Draft Unauthorized practice section | 4.00 | $1,200.00 |
| 2/5/01 | Cite check, revise | 1.25 | $375.00 |
| | Review for Exhibits & Admits; ltrs LNadel RCallahan | 2.00 | $600.00 |
| 2/13/01 | Add refs to adi. & Exh; fnalize when rec'd SCAB adm | 2.00 | $600.00 |
| 3/27/01 | REview def mem, dox, prior SJ papers, draft Reply | 6.00 | $1,800.00 |
| 3/28/01 | Revise Rply (Doc. No. 90); Ltr LNadel re discovery | 2.00 | $600.00 |
| | M/Compel (Doc. No. 91) & Ltr LNadel re earlier discove | 0.50 | $150.00 |
| 4/14/01 | Review disc, prep M/Sanc & Compel (Doc. No.94, 97) | | $0.00 |
| 5/23/01 | Opp appeal from SumJdg Ruling | 3.25 | $975.00 |
| 7/16/01 | Research & Prep Interim fee app. | 2.00 | $600.00 |
| 4/26/02 | Begin review file for setl conf & Trial memo | 1.25 | $375.00 |
| 4/29/02 | Draft settlement memo | 0.75 | $225.00 |
| 5/3/02 | Settlement conference | 2.50 | $750.00 |
| 5/6/02 | Begin research on appeal from MJ decision | 0.50 | $150.00 |
| 5/22/02 | Bill of costs | 0.30 | $90.00 |
| 5/22/02 | Update fee application & Memo | 0.75 | $225.00 |
| 6/10/02 | Oppose extension for fees and costs | 0.50 | $150.00 |
| 7/10/02 | ltr to LN listing items for Joint Appendix | 0.50 | $150.00 |
| 9/20/02 | prep 2d cir conference | 0.50 | $150.00 |
| 10/30/02 | 2d Cir conf | 0.80 | $240.00 |
| 12/19/02 | M/Bond on appeal | 0.25 | $75.00 |
| 2/7/03 | Ltr to 2d cir re appeal | 0.25 | $75.00 |
| 3/14/03 | Update fee app & research | 1.00 | $300.00 |
| 4/7/03 | rply spt fee app | 0.75 | $225.00 |
| 4/21/04 | research moot & appeal, draft proposed filings | 1.30 | $390.00 |
| | **TOTAL HOURS** | **91.90** | |
| | Fee request at $300 per hour | | **$27,570.00** |