UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTA M. PABON

V.                                                      CASE NO. 3:00CV380 (DJS) (TPS)

JOSEPH RECKO
STATE CREDIT ADJUSTMENT BUREAU, INC.              October 22, 2004

## PLAINTIFF'S REPLY IN SUPPORT OF FEE APPLICATION

Defendants have submitted no opposing affidavits, but rely almost entirely on speculation to support their opposition to plaintiff's fee request. Plaintiff replies only to the extent that her initial brief did not set forth her position on the merits of the application. Plaintiff anticipated and addressed, in the initial brief, most of the arguments.

Hourly rate is proper

Defendants engage in impertinent and unseemly speculation about the nature of the undersigned's finances as the sole basis for the claim that the lodestar should be reduced. Def. Mem. at 4-5. "The district court may not reduce the established market rate by some factor that it believes accounts for differences between large firms and small firms. Lawyers of common expertise and experience in the same market are entitled to the same rate." Bankston v. State of Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995). The "overhead" argument was rejected in Gary v. Kason Credit Corp., Civil No. 3:95CV 54 (TPS) (D. Conn. Oct. 21, 1998).

"Yet attorneys like plaintiffs' counsel, operating either as solo practitioners or in small firms, often lack the resources to retain a large staff of junior lawyers who could handle such tasks more economically. Denying plaintiffs compensation for these tasks would unfairly

punish plaintiffs and their counsel for not staffing this case as if they had the manpower of a major law firm." Bailey v. District of Columbia, 839 F. Supp. 888, 891 (D.D.C. 1993).

The $300 rate was awarded in Harvey v. USCB, Inc., Civil No. 3:02CV1770 (DJS) (D. Conn. Jan. 31, 2003); Wrightington v. Nationwide Capital Recovery, Civil No. 3:02CV 1175 (JBA) (JGM) (D. Conn. Jan 6, 2003) See also Orchano v. Advanced Recovery, Inc. (1998) ($275 per hour); Nickerson v. J&P Credit Services, Civil No. 3:99CV1876 (DJS) (TPS) (D. Conn. Mar. 29, 2000) ($275 per hour granted as requested with finding that $275 "is substantially less than that normally commanded by Ms. Faulkner"). Judge Underhill found that $275 was a reasonable hourly rate for Messrs. Bernard and Michael Kennedy, attorneys of less stature and experience.[1] Locascio v. Imports Unlimited, Civil No. 3:02CV 299 (SRU) (April 30, 2004) (almost $21,000 in fees and costs on a $10 recovery).

Compensation sought is not excessive.

At Def. Mem. 6-8, defendants seek reduction of 15.75 hours from the 91.9 hours. At the $200 per hour rate suggested by defendants (with no substantiation), the fees would be $15,230, not the $7500 they ultimately concede. Def. Mem. at 11. Defendants cannot complain about plaintiff's time opposing their Motion to Dismiss. Def. Mem. at 6. They brought the motion, and later withdrew it, knowing that this is a fee-shifting case. Forcing plaintiff to litigate is a virtual contract to pay the resulting fees in a fee shifting case.

Spending time on unsuccessful claims is not a basis for reduction in fees. Def. Mem. 6-7. Plaintiff's opening brief addressed this argument. Plaintiff relied extensively on Dr. Vecchitto's deposition in her summary judgment motion, so there is no basis for disallowing

the time spent on the deposition. Def. Mem. at 7.  Plaintiff addressed the issue of intertwined efforts against multiple defendants in her opening brief. Def. Mem. at 8. Suffice it to say that Mr. Ferranti was <u>not</u> the subject of the summary judgment motion as defendants assert in order to obtain reduction of the hours spent on summary judgment. Hours devoted only to Mr. Ferranti were removed.

<u>Quarter hour increments are proper.</u>

The undersigned does not record time expended in short increments. She does not record a one minute phone call, or a three minute phone call.  She does not increase such small amounts of time to tenths of an hour (6 minutes).  Quarter hour rates are common and acceptable, as they were in <u>Freer v. v. State Credit Adj. Bureau, Inc.</u>, Civil No. 3:97CV 1239 (GLG) (Doc. No. 71) (D. Conn. Aug. 4, 2000).[2] "As we noted in a prior opinion, this argument is 'spurious' given that 'billing in fifteen minute increments is as well accepted in the legal community as billing in six minute increments.' <u>Countess Cary v. CHA, 1992 WL 91799, *8 n. 4 (N.D. Ill. April 29, 1992)</u>." <u>Int'l Armour & Limousine Company v. Moloney Coach Builders, Inc.</u>, 2001 WL 1491409 (N. D. Ill. Feb. 20, 2001); <u>Welsh v. Halter</u>, 2004 WL 1595249 *3 (N.D. Ill. July 14, 2004) (quarter hour billing approved based on numerous cases); <u>Willis v. Barnhart</u>, 2002 WL 31779907 *3 (N.D. Ill.) ("[T]he Social Security Commissioner itself has stated in the past that quarter-hour increments are allowable if they are reasonably applied").

---

1 Bernard was admitted in Connecticut state court in 1985 and Michael in 1998.
2 This Defendant has not yet paid the $10,000 fee judgment.

3

Amount of Recovery

Plaintiff was caused real injury and inconvenience by being forced to get an attorney, take time off, and travel to a distant venue (Meriden instead of New Haven, just a few blocks from her office). Rather than cause additional fees to defendants by going to trial, she accepted a $2,000 judgment – double the $1,000 statutory limit. The fees requested are less than 14 times the recovery, contrary to defendants' figure. Def. Mem. at 11. As more fully stated in the opening brief, disproportion between the plaintiff's recovery and the attorney's fee award caused by defense tactics is neither unusual nor frowned upon.

## CONCLUSION

Defendants are violators of federal law (as found in this case, and because they have not paid the Freer judgment). Plaintiff, as a private attorney general, is the "chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 418 (1978). When a district court awards counsel fees to a prevailing plaintiff, it is awarding against a violator of federal law. Id. This litigation accomplished the purposes of the FDCPA. Attorney's fees encourage defendants to comply with the FDCPA, as well as providing the consumer an incentive and the financial ability to bring FDCPA suits. Postow v. Oriental Bldg Ass'n, 455 F. Supp. 781, 785, 786 (D.D.C. 1978). Fees should be awarded as requested.

            THE PLAINTIFF

            BY____/s/ Joanne S. Faulkner___
            JOANNE S. FAULKNER ct04137
            123 Avon Street
            New Haven, CT 06511-2422
            (203) 772-0395
            j.faulkner@snet.net

    This is to certify that the foregoing was mailed on October 22, 2004, postage prepaid, to:

Laurence Nadel
261 Bradley Street
New Haven CT 06511

            ____/s/ Joanne S. Faulkner___
            Joanne S. Faulkner