UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTA PABON | : | |
| Vs. | : | CASE NO. 3:00CV00380(DJS) |
| JOSEPH RECKO, STATE CREDIT ADJUSTMENT BUREAU, INC., & JOHN FERRANTI | : : : | |

RULING ON PLAINTIFF'S BILL OF COSTS

This action is before the Court on plaintiff's bill of costs filed on May 20, 2004. Plaintiff filed a motion for partial summary judgment which was granted in part and denied in part on May 22, 2001, in an order approving the Magistrate Judge's recommended ruling. Judgment was entered for plaintiff against defendants Recko and State Credit Adjustment Bureau, Inc., and the claims against defendant John Ferranti were ordered dismissed on stipulation on May 21, 2002. Plaintiff filed a bill of costs on May 23, 2002, and defendants Recko and State Credit Adjustment Bureau, Inc., filed a notice of appeal on June 5, 2002. On March 6, 2003, plaintiff's bill of costs was denied without prejudice to renewal when the appeal was resolved and the judgment became final. On May 5, 2003, a mandate issued withdrawing the appeal. On March 17, 2003, plaintiff filed her second bill of costs which was denied without prejudice on April 19, 2004, for the reasons stated in the endorsement order of March 6, 2003. Judgment was entered on May 14, 2004 for the plaintiff against defendants Recko and State Credit Adjustment Bureau, Inc., on a dismissal of the claims and order that final judgment enter. Plaintiff's third bill of costs was filed on May 20, 2004, and defendants Recko and State Credit Adjustment Bureau, Inc., filed a notice of appeal on May 20, 2004. An objection to the bill of costs was filed on June 2, 2004. On September 28, 2004, a mandate issued dismissing the appeal. Plaintiff's bill of costs filed on

May 20, 2004, is now ripe for decision.

For the reasons stated below, plaintiff's bill of costs is granted in part and denied in part.

FEES OF THE CLERK - Pursuant to Local Rule 54(c)1, fees of the clerk are taxable as costs. Court records reflect that the filing fee in the amount of $150.00 was paid by the plaintiff on February 29, 2000. Therefore, this claim is allowed in the amount of $150.00.

FEES FOR SERVICE OF SUMMONS AND SUBPOENA - Process server fees are taxable only to the extent they do not exceed the costs that would have incurred had the U. S. Marshal effected service, since only the Marshal's fee amount is actually statutorily authorized, U.S. v. Merritt Meridian Construction Corp., 95 F.3d 153 (2d Cir., 1996). Plaintiff submitted a claim for service of subpoena on non-party witness John Vecchitto in the amount of $66.76. However, there is no breakdown to support this amount. Therefore, the claim is allowed in the reduced amount of $45.00, the statutory fee had the U.S. Marshal effected service.

FEES FOR COURT REPORTER - Plaintiff has submitted claims totaling $1,240.20 for deposition transcripts for John S. Vecchitto, DMD, in the amount of $253.08, John A. Ferranti in the amount of $376.30 and Joseph Recko in the amount of $610.82. The cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel, pursuant to Local Rule 54(c)2(ii). The court record reflects that only the deposition transcript of Joseph Recko was used in support of the claims for which plaintiff prevailed in her motion for partial summary judgment. Therefore, the claim for the Recko deposition is allowed in the reduced amount of $595.82 as the jurat preparation and delivery fees are not recoverable as costs. The claims for the deposition of John S. Vecchitto, DMD, and John

Ferranti are denied without prejudice to renewal within ten days upon a showing as to how these depositions were used for the preparation of the case and not for the convenience of counsel.

DOCKET FEES - Plaintiff's claim for docket fees in the amount of $20.00 is allowed pursuant to 28 U.S.C. 1923.

SUMMARY: For the reasons previously stated, the plaintiff's bill of costs is allowed as follows:

| | |
|---|---:|
| FEES OF THE CLERK | $ 150.00 |
| FEES FOR SERVICE OF SUMMONS AND SUBPOENA | 45.00 |
| FEES OF THE COURT REPORTER | 595.82 |
| DOCKET FEES | 20.00 |
| TOTAL | $ 810.82 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Hartford, Connecticut, this 8th day of November, 2004.

KEVIN F. ROWE, CLERK


By:   /s/
      Mary A. Wiggins
      Deputy-in-Charge