UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**MARTA M. PABON,**
    **Plaintiff**

    v.                                    CIVIL NO. 3:00CV380(DJS)

**JOSEPH RECKO,**
**STATE CREDIT ADJUSTMENT BUREAU, INC.,**
**& JOHN FERRANTI,**
    **Defendants**

### RECOMMENDED RULING ON PLAINTIFF'S FEE APPLICATION

This is an action brought by the plaintiff, Marta M. Pabon, against the defendants, Joseph Recko, the State Credit Adjustment Bureau, Inc. ("Bureau"), and John Ferranti, under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. §§ 42-110a et seq.  Claims against Mr. Ferranti were dismissed, while partial summary judgment entered for the plaintiff on two claims under the FDCPA against Mr. Recko and the State Credit Adjustment Bureau: (1) the plaintiff was sued by the Bureau in the wrong venue in violation of 15 U.S.C. § 1692i(a)(2), and (2) the Bureau's owner, Mr. Recko, communicated with the plaintiff after she had retained counsel.  The parties stipulated to the maximum statutory damages in the sum of $1,000 for each violation, for a total judgment in the aggregate of $2,000, plus costs and fees to be determined by the court.  Pending before the court is plaintiff's application for a fee award of $27,570 at $300 per hour for 91.9

hours.  (**Dkt. # 158**).  For the reasons set forth below, the plaintiff's fee application should be **GRANTED**, with the court awarding the plaintiff $23,445 representing $300 per hour for 78.15 hours of work.

The FDCPA provides that a defendant who fails to comply with any of its provisions "is liable" to the plaintiff for a "reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  Indeed, an award of fees is mandatory in such cases.  Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995); Graziano v. Harrison, 950 F.2d 107, 113-14 (3d Cir. 1991) (The FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.").

The defendants oppose the requested fee, arguing that (1) the hourly rate of $300 per hour sought by plaintiff's counsel is improper and should be reduced to $200 per hour, (2) the 91.9 hours listed is excessive and unrelated to the violations of the FDCPA found, and (3) there was no preclusion on the part of plaintiff's counsel from other employment.

**A.**

In First Union Mortgage Corporation v. Moazed, 221 F.R.D. 28, 33 (D.Conn. 2004), Judge Burns discussed the general methodology for calculating an award of attorneys' fees:

> Calculation of the amount of attorneys' fees to be granted is referred to as the "lodestar."  The Court will

>   "calculate the 'lodestar' figure based upon the 'hours reasonably spent by counsel . . . multiplied by the reasonable hourly rate.'" <u>Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers</u>, 34 F.3d 1148, 1159 (2d Cir. 1994) <u>quoting</u> <u>F.H. Krear & Co. v. Nineteen Named Trustees</u>, 810 F.2d 1250, 1263 (2d Cir. 1987). <u>See also</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). Calculation of the lodestar also requires the Court to determine the "prevailing market rates" for the types of services rendered, e.g., the fees that would be charged for similar work by attorneys of like skill in the area. <u>Blum v. Stenson</u>, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). There exists a strong presumption that the lodestar figure represents a reasonable fee. <u>See</u> <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); <u>Grant v. Martinez</u>, 973 F.2d 96, 101 (2d Cir. 1992).

Plaintiff's counsel seeks an hourly compensation rate of $300 per hour. The defendants argue that plaintiff's counsel is not entitled to the asserted prevailing rate in Connecticut because

> the Plaintiff's counsel is a sole practitioner without a secretary or staff. She practices within her house, thereby not only reducing her overhead, but allowing her to seek favorable business treatment of her home from the federal and state tax authorities. To compare her situation with those attorneys who practice in significantly large firms does not make sense.

(Def.'s Br. Opp'n. to Fee App., 10/19/04,, Dkt. # 167, at 4). The defendants claim that the fee charged should bear some direct relationship to the reasonable overhead and tax treatment of the charging lawyer, but offer no legal support for this proposition.

Plaintiff's counsel, on the other hand, offers legal support for the opposite proposition. "The district court may not reduce

-3-

the established market rate by some factor that it believes accounts for differences between large firms and small firms. Lawyers of common expertise and experience in the same market are entitled to the same rate." Bankston v. State of Illinois, 60 F.3d 1249, 1256 (7th Cir. 1995). In Bailey v. District of Columbia, 839 F.Supp. 888, 891 (D.D.C. 1993), the District Court for the District of Columbia remarked,

> [y]et attorneys like plaintiffs' counsel, operating either as solo practitioners or in small firms, often lack the resources to retain a large staff of junior lawyers who could handle such tasks more economically. Denying plaintiffs compensation for these tasks would unfairly punish plaintiffs and their counsel for not staffing this case as if they had the manpower of a major law firm.

Plaintiff's counsel's uncontested affidavit demonstrates that she has been awarded $300 per hour in the past. (Fee Aff., Dkt. # 160, ¶ 10). The court finds that plaintiff's counsel is rightfully entitled to $300 per hour based on the market rate for her services as determined in other cases and taking into account counsel's extensive experience and preeminent ability.[1]

---

[1] The court is familiar with the prevailing market rates for attorneys in Connecticut, and particularly familiar with the fees normally charged by attorneys in federal practice in this district. Attorney Faulkner has had an extensive federal practice serving consumers in Connecticut for over thirty-five years. She has prosecuted a great many novel and sophisticated cases, including class actions, in this court, at least two of which she successfully argued in the U.S. Supreme Court. (See generally Fee Aff., Dkt. # 160, ¶ 5). A familiar figure at the Second Circuit and various other court of appeals, Attorney Faulkner also has lectured extensively and is widely published. In these circumstances, defendants' argument that her rate should be fixed

**B.**

The defendants argue that the 91.9 hours listed is mostly unrelated to the two violations of the FDCPA on which the plaintiff prevailed, and, as such, the plaintiff should not be compensated for time spent on claims unrelated to these violations. The law is clear, however, that a plaintiff can be compensated even for unsuccessful claims. The U.S. Supreme Court has opined that

> [i]n [some] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>   Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Plaintiff's claims in this case were all based on the defendants' course of action relating to collection of her husband's debt. It was this collection effort that gave rise to the injury on which the relief granted is premised. The factual basis and legal theories being the same throughout, the court finds that bifurcation of time

---

at $200 per hour is just not reasonable. Id.

between successful and unsuccessful claims is unwarranted.

The court has taken care not to compensate the plaintiff, from the pockets of Mr. Recko and the Bureau, for claims that she advanced against Mr. Ferranti, who was formally dismissed from this case on August 29, 2001, after the plaintiff and Mr. Ferranti reached a settlement.  The proceeds of that settlement adequately cover the fees Ms. Faulkner should receive for prosecuting her claims against Mr. Ferranti.  An analysis of Attorney Faulker's itemization attached to her affidavit indicates, and the court finds, that she is not here claiming fees for work that she did prosecuting the Ferranti claims.  This conclusion is supported by an analysis of the itemized fee request, and Attorney Faulkner's representation to the court that "[s]he did not[]" here request fees in connection with the claims against Mr. Ferranti.  (Pl.'s Mem. re Att'ys Fees, Dkt. # 159, at 11, ¶ 1, line 3).

Based on the court's experience with cases brought in Connecticut under the FDCPA; the absence of significant actual pecuniary loss to the plaintiff arising out of the FDCPA violations found here;[2] the complexity of the issues in this case; and the

---

[2] See, e.g., Johnson v. Eaton, 80 F.3d 148, 151 (5th Cir. 1996) ("Reading the FDCPA as requiring attorney's fees to be paid in actions where the plaintiff fails to prove damages[] rewards lawyers for bringing suits to stop behavior that, by definition, has caused legal injury to no one.  Our interpretation of the statute will require attorneys to look for more than a technical violation of the FDCPA before bringing suit and will deter suits brought only as a means of generating attorney's fees.").

extent of the defendants' resistance, which the plaintiff encountered at virtually every turn, the undersigned finds that a thirteen and three-quarter hour reduction in the number of hours requested is reasonable in this case.[3]  As such, the court finds that plaintiff's counsel shall be compensated for 78.15 hours of work.

### C.

Finally, the defendants argue that preclusion from other employment should not be considered in awarding attorney's fees here because "[b]ringing cases like this one is the Plaintiff counsel's employment." (Def.'s Br. Opp'n. to Fee App., 10/19/04, Dkt. # 167, at 9).  Regardless of the nature of the plaintiff's counsel's practice, the fact remains that whatever time she spent

---

[3] The undersigned has reviewed the file and Attorney Faulkner's itemization of the hours expended in this case as set forth in the attachment to her affidavit (Dkt. # 160). The 8/29/01 entry of 1.50 hours is disallowed, since travel time, which is normally compensable only at 50% of the normal hourly rate, see Rose v. Heinz, 671 F.Supp. 901, 905 (D. Conn. 1987), is not separately itemized here, and the undersigned, in the interest of finality, declines to "approximate" what portion of this is allocable to travel; 1.00 hour of the 10/1/00 entry is cut on grounds of excessiveness; 2.50 hours of the 1/5/01 entry are cut on grounds that travel is not separately itemized and on grounds of excessiveness; the 3.25 hour entry for 1/16/01 is disallowed on grounds of duplicativeness; the 1.25 hour entry of 2/5/01 is disallowed on grounds of unnecessariness and duplicativeness; 2.00 hours of the 3/27/01 entry are disallowed on grounds of unnecessariness and excessiveness; 1.00 hour is cut from the 7/16/01 entry on grounds of excessiveness; 0.75 hours is cut from the 4/29/02 entry on grounds of duplicativeness and unnecessariness in light of the entry of 4/26/02, which is more than adequate to cover the memo that was filed; 0.50 of the 6/10/02 entry is disallowed on grounds of unnecessariness and excessiveness.

on this case could not be spent on other cases, a fact that is surely not lost on the solo practitioner.

The undersigned is likewise unpersuaded by the defendants' assertion that plaintiff's counsel's fee application should be reduced because she "kept time in quarter-hour increments." (<u>Id.</u>). The court finds that plaintiff's counsel's itemization is adequate in these circumstances.

For the above reasons, the court should grant plaintiff's counsel's application for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) in the amount of $23,445 ($300 per hour for 78.15 hours).

Any party may seek review of this recommendation as provided in 28 U.S.C. § 636(b) (written objections to recommendation must be filed within ten days of service of the same); Fed. R. Civ. P. 6(a), 6(e), & 72; and Rule 2 of the Local Rules for United States Magistrate Judges (D. Conn.). **Failure to object in a timely manner may preclude further review.** <u>Small v. Secretary of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 30th day of December, 2004.

**THOMAS P. SMITH**
**UNITED STATES MAGISTRATE JUDGE**